IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC. | ) ) ) ) | Case No. 1:21-cv-05854<br><br>The Honorable Jorge L. Alonso |
| Plaintiffs, | ) ) | The Honorable M. David Weisman |
| v. | ) ) ) | |
| GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC, and GENERAL MOTORS LLC | ) ) ) ) ) | |
| Defendants. | ) | |

**JOINT AGREED MOTION TO STAY**

Plaintiffs LKQ Corporation and Keystone Automotive Industries, Inc. (collectively "LKQ") and defendants General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC (collectively "GM"), hereby jointly move this Court for entry of an order staying this case pending the Federal Circuit's *en banc* decision in *LKQ Corporation et al. v. GM Global Technology Operations, LLC*, Case No. No. 2021-2348. In support of this motion, LKQ and GM state as follows:

This case arises out of a wide-ranging dispute centered on GM's design patent portfolio. Aside from the instant case, LKQ and GM are parties to another lawsuit pending in this court: *LKQ et al. v. GM et al.*, Case No. 20-2753, which pends before Judge Daniel, and also relates to design patents covering automotive parts. Further, LKQ and GM have engaged in significant litigation before the U.S. Patent Trial and Appeal Board relating to GM design patents covering automotive parts. One of these cases led to an appeal to the Federal Circuit Court of Appeals, which has now spawned a rare *en banc* review of this dispute. The *en banc* appeal addresses

whether the Supreme Court's decision in *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398 (2007), overruled or abrogated *In re Rosen*, 673 F.2d 388 (CCPA 1982), and *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d 100 (Fed. Cir. 1996), the leading cases today setting forth the standard for design patent obviousness, whether the test for obviousness should be changed, and if so, to what.

To the extent the Federal Circuit alters the test for design patent obviousness, it may have a substantial impact on this case. Pursuant to the scheduling order, discovery closes on September 20, 2023. *See* Dkt. Nos. 84 and 81. Opening expert reports on invalidity are due December 14, 2023, and rebuttal expert reports on invalidity are due on January 25, 2023. *See id.* Dispositive motions on issues other than damages and willfulness are due on March 28, 2024. Given the possibility that the Federal Circuit could change the standard for design patent obviousness, efficiency suggests that this Court stay the current case deadlines. Otherwise, if the Federal Circuit modified the standard, the parties may have to reopen expert discovery to prepare new expert reports applying the appropriate standard, re-depose their respective experts, and re-submit and re-brief dispositive motions.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, No. 08 C 6075, 2010 WL 4823594, at *1 (N.D. Ill. Nov. 19, 2010) *quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In deciding whether such a stay is appropriate, courts in this district traditionally consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Id. citing*

*Pfizer, Inc. v. Apotex, Inc.*, 40 F.Supp.2d 1006, 1007 (N.D. Ill. 2009). As discussed below, each of these factors supports a stay of this case pending the Federal Circuit's decision in *LKQ v. GM*.

The first factor courts look to in this district when considering a motion to stay is whether a stay will unduly prejudice or tactically disadvantage the non-moving party. But here, this is a joint agreed motion; both LKQ and GM agree a stay is warranted. Accordingly, this first factor supports the requested stay.

The second factor courts look to when considering a motion to stay is whether a stay will simplify the issues in question and streamline the trial. As discussed above, a stay will provide clarity as to the appropriate legal standard to apply to LKQ's claims that the GM patents-in-suit are invalid as obvious. And this in turn will simplify the issues this Court and the parties will face as it relates to obviousness inasmuch the parties will advance their respective obviousness and non-obviousness arguments under the same standard and at just one time, instead of moving forward with expert discovery and dispositive motions under one standard and then being forced to relitigate obviousness under a potentially new standard.

The third and final factor courts look to is whether a stay will reduce the burden of litigation on the parties and on the court. And this is the strongest reason to grant the parties' motion. As explained above, absent a stay, it is likely the parties will complete expert discovery and file dispositive motions based on the current obviousness standard. As the Federal Circuit may change this standard, a stay will allow the parties to complete expert discovery once and for the Court to consider just a single set of dispositive motions applying the proper standard.

In just this type of situation, courts in this district have granted joint motions to stay. *See e.g., Abdallah v. FedEx Corp. Servs., Inc.*, No. 16-CV-03967, 2017 WL 3669040, at *1 (N.D. Ill.

Mar. 20, 2017) (granting a joint motion to stay pending a decision from an appellate court because that decision could impact the scope of the pending district court case).

WHEREFORE, for the reasons set forth above, LKQ and GM respectfully request this Court enter an order staying this case until one week after the Federal Circuit's *en banc* decision in *LKQ Corporation et al. v. GM Global Technology Operations, LLC*, Case No. No. 2021-2348, at which time LKQ and GM will submit a joint status report recommending dates and deadlines for expert discovery, dispositive motions, and the remaining dates and deadlines to prepare this case for trial.

Dated: September 18, 2023

IRWIN IP LLP

By: /s/ *Michael P. Bregenzer*
Barry F. Irwin, P.C.
Michael P. Bregenzer
Robyn M. Bowland
Nicholas K. Wheeler
IRWIN IP LLP
150 N. Wacker Drive, Suite 700
Chicago, IL 60606
(312) 667-6080
birwin@irwinip.com
mbregenzer@irwinip.com
rbowland@irwinip.com
nwheeler@irwinip.com

Attorneys for Plaintiffs LKQ Corporation & Keystone Automotive Industries, Inc.

Dated: September 18, 2023

FISH & RICHARDSON P.C.

By: /s/ *Conrad A. Gosen*
John C. Adkisson
Joseph A. Herriges
Conrad A. Gosen
Ryan V. Petty
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: (612) 335-5070
Facsimile: (612) 288-9696
adkisson@fr.com
herriges@fr.com
gosen@fr.com
petty@fr.com

Steven McMahon Zeller
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
Telephone: (312) 627-2272
szeller@dykema.com

Attorneys for Defendants General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC

**CERTIFICATE OF SERVICE**

  I certify that a copy of the foregoing document was served via ECF on September 18, 2023, upon all counsel of record.

                   */s/ Gloria Rios*
                   Gloria Rios