IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LKQ CORPORATION and KEYSTONE AUTOMOTIVE INDUSTRIES, INC.,** | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 21 C 5854<br>) |
| v. | ) Magistrate Judge M. David Weisman<br>)<br>) |
| **GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC, and GENERAL MOTORS LLC,** | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Defendants contend that LKQ's experts, Eric Noble and Jason Hill, attempted to expand LKQ's invalidity defenses by adding previously undisclosed prior art references to their expert reports and ask the Court to strike those references from the reports. For the reasons set forth below, the Court recommends that the motion [ECF 172] be denied.

### Discussion

On July 18, 2024, LKQ served amended final invalidity contentions, which disclosed three prior art references that render obvious the '406 Patent and four references that render obvious the '256 Patent. (*See* ECF 175-2.) Specifically, LKQ asserted that the '406 Patent is anticipated by the 2016 Mitsubishi Pajero Sport, is obvious in light of the 2016 Mitsubishi Pajero Sport and the knowledge of a designer of ordinary skill in the art ("DOSA") and is obvious in light of the 2016 Mitsubishi Pajero Sport in combination with the 2015 Toyota Tundra. LKQ asserted that the '256 Patent was obvious in light of: (1) the 2015 Chevrolet Colorado and the knowledge of a DOSA; (2) the 2015 Chevrolet Colorado in combination with U.S. Patent No. D614,100; (3) the 2017 Lincoln Navigator Concept and the knowledge of a DOSA; (4) the 2017 Lincoln Navigator Concept in combination with the 2015 Chevrolet Colorado; (5) the 2018 Lincoln Navigator and the knowledge of a DOSA; and (6) the 2018 Lincoln Navigator in combination with the 2015 Chevrolet Colorado. (*Id.* at 9-12.) Defendants say that LKQ's expert Noble, and by extension Hill whose report incorporates Noble's report, cited prior art references in his report that were not cited in LKQ's final invalidity contentions in violation of Local Patent Rule 3.1. *See* LPR 3.1(b), 2.3(b), (c), 3.4 (requiring party asserting invalidity to identify up to twenty five items of prior art per asserted patent that allegedly anticipate or render obvious each asserted claim and allowing those contentions to be amended "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties, made promptly upon discovery of the basis for the

amendment"). Thus, defendants ask the Court to strike those references, which appear in paragraphs 51-88, 118-19, 121-23, 127-30, 135-42, and 144-87, from Noble's report.

LKQ argues that the prior art references in those paragraphs did not have to be included in their final invalidity contentions because LKQ is only using them to show the scope and content of the prior art, the skill of a DOSA, and a DOSA's motivation to modify the prior art. The Local Patent Rules require a party that is asserting a patent is invalid for obviousness to include in their final invalidity contentions: (1) up to twenty five items of prior art per asserted patent that allegedly anticipates or renders obvious each asserted claim, and for each item of prior art identified, provide a detailed statement of whether it allegedly anticipates or renders obvious each asserted claim; and (2) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. LPR 2.3(b), (c), 3.1(b). Though the Rules do not say that the final contentions must include prior art references a party will use for *any* purpose that is how some courts in this District have interpreted our local rules:

> Bard's failure to identify Serany [a prior art patent] as a reference in its Narrowing Disclosure precludes Mr. Leinsing [Bard's expert] from opining that Serany discloses elements of an asserted claim. . . . But this failure does not necessarily foreclose Mr. Leinsing from discussing Serany with respect to other aspects of Bard's obviousness defense, such as a motivation to combine or a reasonable expectation of success. . . . Evidence showing why one of skill in the art would have combined those references and would have reasonably expected to succeed in doing so—even if this evidence is reflected in another prior art reference—is not itself part of the "combination[s] of references" that Local Patent Rule 3.1(b)'s limitation on prior art grounds affects.
>
> That is not the end of the inquiry, however, because Bard's Final Invalidity Contentions still must provide a basis for the discussion and analysis of Serany that Mr. Leinsing provides in his expert report. . . . On this point, the Court rejects Bard's contention that an accused infringer's Final Invalidity Contentions do not need to disclose prior art references that its expert later uses to show the "state of the art." Although some courts have followed this or similar reasoning . . . , it is the Court's view that an accused infringer should not be permitted to circumvent the disclosure requirements of this District's Local Patent Rules by offering prior art as "background" or "state of the art" material.

*Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F. Supp. 3d 883, 892–93 (N.D. Ill. 2021) (quotation and footnotes omitted); *see also Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *2 (N.D. Ill. May 29, 2013) (rejecting argument that expert could rely on prior art references not disclosed in final infringement contentions because they provided context for understanding the invalidity references because, "[i]f these new materials are not prior art, not necessary references, and not something that their expert relied upon, then there is truly no reason for them to be in the Report" and if the "materials are prior art, then they should have been disclosed . . . with the Invalidity Contentions pursuant to Local Patent Rule 3.1.").

However, in the Northern District of California, which "has local patent rules that are similar to this District's rules," *Medline*, 511 F. Supp. 3d at 892 n.6, courts have:

> [D]eclined to strike undisclosed references when they are being used only as "background" material. *See, e.g.*, *Verinata Health* [*v. Sequenom, Inc.*, No. C 12–00865 SI], 2014 WL 4100638, at *5 [(N.D. Cal. Aug, 20, 2014)] (striking reference "from the expert report to the extent that [the expert] relies on it as prior art that allegedly renders the asserted claims . . . obvious" but allowing the expert to rely on the reference "as foundational or background material"); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. 12–cv–01971–CW, 2014 WL 4090550, at *9 (N.D. Cal. Aug. 19, 2014) (admitting certain references "to the extent that [they] are supporting documents to explain further how the chosen prior art references disclose required limitations;" excluding certain references "which disclose other required limitations not covered by the chosen prior art references"); *ASUS* [*v. Computer Technologies v. Round Rock Research LLC*], [No. 12–cv–02099 JST (NC)] 2014 WL 1463609 at *8 [N.D. Cal. Apr. 11, 2014] (prohibiting use of reference "as an anticipation or obviousness reference" but allowing expert to use it "for other purposes, e.g., to show the knowledge of a PHOSITA"); *Genentech, Inc. v. Trustees of Univ. of Pennsylvania*, No. 10–cv–02037–PSG, 2012 WL 424985, at *3 (N.D. Cal. Feb. 9, 2012) ("The fact that a reference to a particular clinical trial was not disclosed in the invalidity contentions does not render it unusable for laying an historical foundation to research that was disclosed.").

*Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *30 (N.D. Cal. Feb. 20, 2015) (allowing Motorola "to rely on the additional prior art references as background material, but not as anticipation or obviousness references").

The Court believes the California courts have the better approach. The Local Patent Rules require a party asserting invalidity to identify up to twenty-five prior art references that allegedly render obvious the asserted patent claims. LPR 2.3, 3.1. The Rules do not state that prior art used for reasons other than establishing obviousness must be disclosed in the invalidity contentions. *See id.* Further, the structure created by the Rules calls for expert reports to be served after final invalidity contentions. Thus, a party may not know which prior art references its expert will rely on to show the knowledge of a DOSA when it is preparing its contentions. Finally, courts will continue to have the discretion to strike "previously undisclosed prior art analyses [that appear] . . . in an expert report under the guise of a 'background' or 'state of the art' discussion." *Medline*, 511 F. Supp. 3d at 892–93. Accordingly, the Court recommends that defendants' motion to strike [ECF 172] be denied and LKQ be permitted to use the prior art references in paragraphs 51-88,

118-19, 121-23, 127-30, 135-42, and 144-87 of Noble's report and the corresponding references in Hill's report solely for the purpose of establishing the knowledge of a DOSA, the scope and content of the prior art, and a DOSA's motivation to modify the prior art.

**SO ORDERED**                         **ENTERED: January 7, 2025**

**M. David Weisman**
**United States Magistrate Judge**