UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ Corporation and Keystone Automotive Industries, Inc. | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 21-cv-5854 |
| v. | ) ) | Hon. Jorge L. Alonso |
| General Motors Company, GM Global Technology Operations, LLC, and General Motors LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## Order

Before the Court is Defendants' motion to strike as untimely prior art references utilized by Plaintiffs' experts but not disclosed in Plaintiffs' invalidity contentions. For the reasons that follow, the Court adopts Magistrate Judge Weisman's report and recommendations [246] and denies Defendants' motion to strike [172].

## Statement

On November 2, 2021, Plaintiffs brought suit seeking declaratory judgment of non-infringement and invalidity concerning two patents obtained by Defendants for ornamental fender designs. On July 18, 2024, Plaintiffs served amended final invalidity contentions disclosing seven prior art references which, in Plaintiffs' view, render Defendants' patents obvious. Plaintiffs subsequently served expert reports in this litigation, which Defendants allege rely on additional prior art that was not properly disclosed in Plaintiffs' invalidity contentions under the local patent rules. Defendants moved to strike these additional references. (ECF No. 172.) On January 7, 2025, Magistrate Judge Weisman issued a report and recommendation where he "recommend[ed] that defendants' motion to strike be denied and LKQ be permitted to use the prior art references in paragraphs 51–88, 121–123, 127–130, 135–142, and 144–187 of Noble's report and the corresponding references in Hill's report solely for the purpose of establishing the knowledge of a DOSA, the scope and content of the prior art, and a DOSA's motivation to modify the prior art." (ECF No. 246 at 3–4.) Defendants timely objected. (ECF No. 247.)

Where a district court considers objections to a magistrate judge's rulings on non-dispositive matters, the magistrate judge's rulings will be modified or set aside only if they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Under this standard of review, "the district court can overturn

the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997); *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.").

The local patent rules require a party to disclose "prior art . . . that allegedly invalidates each asserted claim" and "for each item of prior art, a detailed statement of whether it allegedly . . . renders obvious each asserted claim" either individually or in combination with other items of prior art. LPR 2.3(b), 3.1(b). Defendants argue this rule requires the disclosure of any prior art that supports any element of an obviousness defense. Plaintiffs contend it requires only the disclosure of invalidating prior art references which demonstrate the combination of elements needed to render a patent claim obvious.

While Defendants cite non-binding authority justifying their interpretation, Plaintiffs' interpretation is reasonable and supported by pertinent authority. For instance, the Supreme Court has held that a design patent is invalid where two prior art references combined to create the majority of the claimed design of a horse saddle and record evidence showed several hundred other designs and a custom to modify saddle designs. *LKQ Corp. v. GM Glob. Tech. Operations LLC*, 102 F.4th 1280, 1292 n.2 (Fed. Cir. 2024) (analyzing *Smith v. Whitman Saddle Co.*, 148 U.S. 674, 680 (1893) and holding that its reasoning applies to the obviousness standard). Similarly, in *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1365 (Fed. Cir. 2015), the Federal Circuit held that it was error for the Patent Trial and Appeal Board to fail to consider art which was not "one of the three pieces of prior art presented as the basis for obviousness" because "[a]rt can legitimately serve to document the knowledge that skilled artisans would bring to bear in reading the prior art identified as producing obviousness." Thus, there is a difference between prior art that is used as the primary basis to challenge obviousness and prior art that provides other information relevant to the obviousness inquiry, including the DOSA's knowledge and motivation and the scope and content of the prior art. District courts addressing similar issues have reached the same conclusion as the Magistrate Judge. *See, e.g.*, *PSN Illinois, LLC v. Abbott Labs.*, No. 09 C 5879, 2012 WL 5381278, at *4 (N.D. Ill. Oct. 31, 2012) (denying motion *in limine* to exclude prior art "for the limited purpose of showing the state of the art" although it was not disclosed in invalidity contentions (quotations omitted)); *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *30 (N.D. Cal. Feb. 20, 2015) (declining to strike undisclosed prior art which was not used as invalidating art (collecting similar cases)).[1]

Because the Court finds that the local patent rules are ambiguous and Plaintiffs' interpretation is reasonable, it cannot find that the Magistrate Judge clearly erred. *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 813 (7th Cir. 2005) (recognizing that the choice between two interpretations was not obvious when "the text could be read either way without undue strain" and "there is no decisional law that throws light on which of the two readings is to be preferred"). As such, the Court adopts Magistrate Judge Weisman's report and recommendations [246] and

---

[1] The Northern District of California's local patent rules are similar to those at issue here. *Medline Indus., Inc. v. C.R. Bard, Inc.*, 511 F. Supp. 3d 883, 893, n.6 (N.D. Ill. 2021)

denies Defendants' motion to strike [172].

**SO ORDERED.**                                              **ENTERED: May 1, 2025**

 

_____
**HON. JORGE ALONSO**
**United States District Judge**