IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LKQ CORPORATION, and KEYSTONE AUTOMOTIVE INDUSTRIES, INC. | ) ) ) ) | Case No. 1:21-cv-05854 Honorable Jorge Alonso |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| GENERAL MOTORS COMPANY, GM GLOBAL TECHNOLOGY OPERATIONS, LLC, and GENERAL MOTORS LLC | ) ) ) ) ) | |
| Defendants. | ) | |

**LKQ'S MOTION TO BAR GM'S CLAIM FOR DISGORGEMENT DAMAGES**

As this Court previously held, "Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to initially disclose to the other parties, without waiting for a discovery request, 'a computation of each category of damages claimed by the disclosing party....'" *Paramount Media Grp., Inc. v. Vill. of Bellwood*, No. 13 C 3994, 2015 WL 5307483, at *1 (N.D. Ill. Sept. 10, 2015) (J. Alonso). Further, "[a] party must supplement its initial disclosures and discovery responses 'in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.' Fed. R. Civ. P. 26(e)(1)(A). 'If a party does not follow these rules, "the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless."'" *Id.*

As an initial matter, there is no dispute that GM did not provide the required computation of damages for its disgorgement claim prior to the close of fact discovery. Bregenzer Dec. ¶¶4-6, Exs. 1-2. More specifically, neither GM's December 31, 2021 Initial Disclosures nor its February 17, 2023 Amended Initial Disclosures provided the required computation of damages. *Id.* Instead, GM's initial disclosures merely stated that:

> Defendants may claim their reasonable attorneys' fees, expenses, and costs in this lawsuit under 35 U.S.C. § 285. Such fees, expenses, and costs are currently accruing. Defendants reserve the right to supplement or modify this response.

*Id.*[1]

In addition, LKQ served GM with an interrogatory (Interrogatory No. 7) asking for, *inter alia*, GM's computation of damages. *Id.* at ¶¶8-9, Exs. 3-4. And GM responded to this interrogatory twice before discovery closed: on October 11, 2022, and on January 17, 2023. *Id.* Neither GM's October 11, 2022 response nor its January 17, 2023 response provided the requested computation of damages.[2] *Id.* In that regard, GM's "failure to comply with [the Rule 26(a)(1)(A)(iii)] requirement was especially troubling because… [LKQ] specifically requested a calculation of damages." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) cited approvingly by *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 94 F.4th 588, 605 (7th Cir. 2024) and *Paramount Media Grp., Inc. v. Vill. of Bellwood*, No. 13 C 3994, 2015 WL 3419831, at *2 (N.D. Ill. May 28, 2015).

---

[1] GM's Second Amended Initial Disclosures were served on August 4, 2025, approximately fifteen months after the close of fact discovery. Bregenzer Dec. ¶7. GM's Second Amended Initial Disclosures also failed to disclose a computation of damages. *Id.*

[2] GM did serve a second supplemental response to Interrogatory No. 7 on October 21, 2024— approximately five months after the close of fact discovery. Bregenzer Dec. ¶10. GM's second supplemental response to Interrogatory No. 7 also failed to provide a computation of damages. *Id.*

2

GM has not challenged the fact that it did not disclose a computation of damages related to its claim for disgorgement damages prior to service of the expert report of Suzanne Thompson on August 28, 2025—fifteen months after the close of fact discovery. Bregenzer Dec. ¶11.

During the meet and confer process,[3] GM argued that its failure to provide a computation of damages was "both substantially justified and harmless because GM could not compute the damages caused by LKQ's infringement without documents that were solely in LKQ's possession, and because LKQ had possession of those documents and knowledge of their contents." *Id.*, Ex. 5 at 9/16/2025 Email from A. Rafferty. But this assertion is false. LKQ produced the underlying financial documents necessary for GM to provide its computation of damages for its disgorgement claim on December 8, 2022—more than 17 months before fact discovery closed. *Id.* ¶14. And GM deposed LKQ's Rule 30(b)(6) designee on these same documents on June 22, 2023. Bregenzer Dec. ¶15. In other words, GM cannot escape responsibility for its failure to provide a computation of damages while fact discovery was on-going by blaming LKQ.[4] *Pittsfield Dev., LLC v. City of Chicago*, No. 17 CV 1951, 2021 WL 8314423, at *6 (N.D. Ill. Nov. 15, 2021) ("Even if [the party seeking damages] was still gathering the necessary information to put forth a damages computation at the time it served its initial disclosures in May 2019, or responded to the

---

[3] LKQ and GM exchanged a number of emails between September 10, 2025, and September 23, 2025, in an effort on LKQ's part to resolve this issue without the need for the Court's intervention. Bregenzer Dec. ¶12, Ex. 5. In addition, on September 18, 2025, counsel for LKQ—Michael P. Bregenzer and Joe Saltiel—and counsel for GM—Karrie Wheatley and Alexander Rafferty—met and conferred via telephone/Zoom call from 10:00am-10:19am. *Id.* at ¶13. Notwithstanding LKQ's good faith attempts to resolve this issue short of motion practice, the parties were unable to reach an accord, necessitating the instant motion. *Id.*

[4] To be clear: LKQ is not claiming that GM was required to include its computation of damages in its December 31, 2021 Initial Disclosures or in its October 11, 2022 answer to LKQ's interrogatory seeking a damages computation; GM did not have the documents necessary to do so at that time. But once GM had the necessary documents—as of December 8, 2022—it was required to supplement its initial disclosures and its response to Interrogatory No. 7 pursuant to F.R.C.P. 26(e) to provide the required disgorgement damages computation. GM did not do so until long after the close of fact discovery. *Id.* ¶11.

[party defending the damage claim]'s first set of interrogatories shortly thereafter, ***Rule 26 still required that it provide a damages computation before the close of discovery***") (emphasis added).

GM also argued during the meet and confer process that its failure to provide the required damages computation was "substantially justified and harmless because the parties recognized the need for expert discovery on damages issues, which remains open." Bregenzer Dec. ¶12, Ex. 5 at 9/16/2025 Email from A. Rafferty. But this Court has considered and rejected exactly this argument. In *Paramount Media Grp.*, 2015 WL 5307483, at *3, the party seeking damages argued—like GM does here—that the party responding to the damages claim "had ample opportunity to explore the updated calculation in expert discovery, through written expert discovery and the deposition of [the expert]." This Court rejected that argument because it "fails to recognize that fact discovery had closed…" and the party defending the damages claim "would undoubtedly have pursued a great deal of discovery relating to the disclosure had it been made during the fact-discovery period. It is no answer to say that defendants were able to depose [the expert] about it. [The party seeking damages] has not demonstrated an absence of prejudice to [the party defending the damages claim] stemming from its inexcusable failure to comply with Rule 26." This is exactly the situation here. GM's argument that LKQ can engage in expert discovery does not demonstrate "an absence of prejudice" to LKQ.

Because GM cannot meet its burden to show that its violation of Rule 26 was either justified or harmless, GM will likely argue that Judge Daniel, in a parallel case between these same parties (Case No. 20-2753, hereinafter referred to as "GM DJ1"), has already decided this issue and so this Court should ignore GM's violation of Rule 26. But that would be a mistake. As GM acknowledges, the "facts of the two cases [] differ." Bregenzer Dec. ¶12, Ex. 5 at 9/16/2025 Email from A. Rafferty. And so do the arguments. In GM DJ1, LKQ filed a motion asking the Court to

4

strike GM's reasonable royalty and disgorgement damages as it related to one of the four patents-in-suit because GM had not disclosed in its initial disclosures that it sought damages for this patent. Bregenzer Dec. ¶16, Ex. 6. That issue is not before this Court; LKQ does not dispute that GM disclosed its damages *theories* in this case. As a secondary argument, LKQ pointed out that GM had failed to provide the required computation of damages. *Id*. at 1. Indeed, as it related to GM's failure to provide a damages computation, Judge Daniel spent just two paragraphs discussing this issue. *Id.* ¶17, Ex. 7 at 2. More specifically, Judge Daniel acknowledged that:

> The plaintiffs further claim that the defendants failed to disclose a computation of damages for the alleged infringement of the '532 patent. That is true; the defendants disclosed only the damages theories they intended to pursue.

*Id.* (internal citations omitted). And then he went on to find that GM's failure there was harmless because "nothing stopped [LKQ] from seeking discovery concerning costs that factor into a determination of profits." *Id.* But this assertion was inconsistent with the law and inapplicable to the facts before this Court. First, Judge Daniel effectively shifted the burden to demonstrate a lack of harm from GM to LKQ in violation of binding 7th Circuit law. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) ("This court has stated that 'the sanction of exclusion is automatic and mandatory unless the ***sanctioned party*** can show that its violation of Rule 26(a) was either justified or harmless'" quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

Second, in this case, LKQ ***did*** seek discovery from GM as to its damages computation, and GM failed to comply with that discovery. Bregenzer Dec. ¶¶8-9, Exs. 3-4. And of course, "[t]he onus was not on [LKQ] to seek out a damages computation. Rule 26(a) requires a party to provide a computation of any category of damages sought 'without awaiting a discovery request.'" *Pittsfield Dev., LLC v. City of Chicago*, No. 17 CV 1951, 2021 WL 8314423, at *8 (N.D. Ill. Nov. 15, 2021) quoting F.R.C.P. 26(a)(1)(A).

5

At bottom, this is a simple and straight-forward motion:

- Pursuant to F.R.C.P. 26(a)(1)(A)(iii), GM was required to provide "a computation of each category of damages" it claimed.

- GM did not provide a computation of its claimed disgorgement damages before the close of fact discovery.

- Because GM did not provide a computation of its claimed disgorgement damages before the close of discovery, GM is not allowed to use that information at trial, unless GM can show that its failure was substantially justified or was harmless.

- GM cannot show that its failure to provide a computation of damages was substantially justified or harmless.

- Accordingly, this Court should bar GM from introducing evidence or argument related to disgorgement damages.

WHEREFORE, for the reasons set forth above, LKQ respectfully requests this Court strike GM's claim for disgorgement damages[5] and for such other and further relief as this Court deems fit and just.

Dated: September 25, 2025

Respectfully submitted,

By: /s/ *Michael P. Bregenzer*

Barry F. Irwin, P.C.
Michael P. Bregenzer
**IRWIN IP LLP**
150 N. Wacker Drive, Suite 700
Chicago, IL 60606
Tel.: (312) 667-6080
birwin@irwinip.com
mbregenzer@irwinip.com

*Attorneys for Plaintiffs LKQ Corporation & Keystone Automotive Industries, Inc.*

---

[5] GM also failed to provide a computation of damages for its claim for reasonable royalty damages while fact discovery was open. Bregenzer Dec. ¶¶4-9, Exs. 1-4. But given the fact that the damages sought under GM's reasonable royalty theory is so much less than the amounts GM seeks under its disgorgement theory, LKQ has limited the instant motion to GM's disgorgement claim.

6

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing document was served via ECF on September 25, 2025, upon all counsel of record.

                                                 /s/ *Jennifer Frangella*
                                                 Jennifer Frangella